IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP GABRIEL, ) <br> ) <br> Plaintiff, ) <br> ) <br>vs. ) <br> ) <br> ) <br>PERCY MYERS, SCOTT THOMPSON, ) <br>CHRISTINE BROWN, WEXFORD ) <br>HEALTH SOURCES, INC., JOHN ) <br>BALDWIN, and JOHN/JANE DOE, ) <br> ) <br> Defendants. ) | Case No. 20-cv-1220-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Phillip Gabriel, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. In his Complaint (Doc. 1), Gabriel alleges Defendants were deliberately indifferent to his seizures and need for a bottom bunk permit, resulting in a fall from his bunk. He seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

### The Complaint

Gabriel makes the following allegations in the Complaint (Doc. 1): On July 24, 2017, Gabriel arrived at Pinckneyville and informed Jane Doe Nurse #1 that he suffered from seizures and needed a bottom bunk permit (Doc. 1, pp. 4-5). She informed him he would have to see the doctor for the permit. Several weeks later, he was called to the healthcare unit and met with John Doe Doctor #1 (*Id*. at p. 5). He requested a bottom bunk permit, but no permit was issued.

Gabriel had a seizure in November or December 2017 and another in February or March 2018. During the 2018 seizure Jane Doe Nurse #2 attended to him and allowed him to sit outside of his cell until he regained his composure (*Id*. at p. 6).

From March 2018 through August 2019, he continued to ask for a bottom bunk permit while visiting the healthcare unit. Dr. Myers denied his requests (*Id*.). Gabriel further alleges that the failure to issue the permit was due in part to Wexford Health Sources' lack of a protocol for dealing with seizures and hiring unqualified individuals (*Id*. at p. 9). On August 17, 2019, Gabriel had a seizure and fell out of the top bunk, injuring his face. He also lost several teeth from the fall.

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Jane Doe #1, Jane Doe #2, John Doe Doctor, Dr. Myers, Wexford Medical Sources, Inc., and Christine Brown were deliberately indifferent under the Eighth Amendment to Gabriel's need for a bottom bunk permit.
>
> **Count 2:** ADA claim against all Defendants for denying Gabriel a bottom bunk permit.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Court first notes that Gabriel fails to state a claim against John Baldwin and Scott Thompson. Although both individuals are identified in the caption of the Complaint, he fails to include any allegations against either individual in his statement of claim. Thus, John Baldwin and Scott Thompson are **DISMISSED without prejudice**.

At this stage, Gabriel states a viable deliberate indifference claim in Count 1 against John Doe Doctor #1, Dr. Myers, and Wexford Health Sources, Inc. for refusing to provide him with a lower bunk permit. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). He fails to state a claim, however, against Jane Does #'s 1 and 2. The allegations in the Complaint only suggest that Jane Doe #1 informed him that he would have to request a low bunk permit from the doctor and Jane Doe #2 provided him with care after a fall. He fails to allege that either individual acted with deliberate indifference. Thus, Jane Doe #1 and Jane Doe #2 are **DISMISSED without prejudice**.

Gabriel also fails to state a claim against Christine Brown. He alleges that Brown denied him a low bunk permit after his fall, pointing to a grievance she responded to, indicating that the doctor did not find a permit medically necessary (Doc. 1, p. 57). He also alleges that she was incorrect when she stated in response to the grievance that he did not have a history of seizures (*Id.*). But the simple denial of a grievance does not constitute a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.");

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, the claim against Brown is also **DISMISSED without prejudice** for failure to state a claim.

Gabriel's allegations are also sufficient to articulate a colorable ADA claim in Count 2. His claim, however, cannot proceed against the individual defendants as individual employees of IDOC cannot be sued under the ADA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Rob Jeffreys, the IDOC Director, will be added to the case, in his official capacity only, for purposes of Gabriel's ADA claim. All other official capacity claims against individual defendants are **DISMISSED**.

### Pending Motions

As to Gabriel's motion for counsel (Doc. 3), he states that he has written two attorneys. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Gabriel's motion for counsel (Doc. 3) is **DENIED** without prejudice. He may renew his request for the recruitment of counsel at a later date.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

For the reasons stated above, Count 1 shall proceed against John Doe #1, Dr. Myers, and Wexford Health Sources, Inc., but is **DISMISSED without prejudice** as to Jane Doe #1, Jane Doe #2, and Christine Brown. Count 2 shall proceed against Rob Jeffreys in his official capacity only. Rob Jeffreys (official capacity only) will also remain in the case for purposes of identifying the John Doe and implementing any potential injunctive relief. John Baldwin and Scott Thompson are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Dr. Myers, Wexford Health Sources, Inc., and Rob Jeffreys (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Gabriel. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Gabriel, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. As to John Doe #1, the Court will not serve him until properly identified by Gabriel. After the Defendants have answered, the Court will enter a scheduling order setting forth the specific deadlines for identifying the John Doe.

If judgment is rendered against Gabriel, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Gabriel is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: 5/7/2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**